# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN WILBURN CARROLL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN B. WELCH | : | NO. 06-4502 |

## MEMORANDUM

Baylson, J.                                                                                       May 8, 2007

### I.   Introduction

On October 11, 2006, Plaintiff Allen Wilburn Carroll commenced this pro se action against Defendant Carolyn B. Welch by filing a "Verified Petition in the Nature of a Petition for Redress of Injuries under Authority of 42 USC 1982 and 42 USC 1441 for Deprivation of Federal Secured Property Rights." He claims his constitutional rights were violated when Ms. Welch, Sheriff of Chester County, seized his home and property and evicted him for failure to pay taxes. Presently before this Court is Defendant's Motion to Dismiss the Plaintiff's Petition. Because this Court does not have subject matter jurisdiction over this action under the Rooker Feldman doctrine, the Court will grant Defendant's motion and dismiss Plaintiff's case with prejudice.

### II.   Factual and Procedural Background

In his Complaint, the Plaintiff alleges that on June 6, 2006, the Defendant, acting as "defacto tax collector" seized his home and property, expelled him from the premises, and sold the property "under the guise that the County of Chester, State of Pennsylvania, had a contractual, proprietary or monetary interest in the property." (Compl. ¶¶ 6, 8.) The Plaintiff

-1-

claims his property was exempt from sale and seizure pursuant to 42 U.S.C. § 1982 and 42 U.S.C. § 1441. Id. ¶ 7. He further contends that Defendant's actions in "taking the property by force, selling it for one quarter of its value, and trying to disburse the funds from the sale in a paper money equivalent" denied him due process of law and violated his property rights established under federal law pursuant to §§ 1441 and 1982. Id. ¶ 11. Plaintiff offers no additional factual detail on the circumstances surrounding the seizure and sale of his home or his subsequent eviction.

As a result of Defendant's actions, Plaintiff argues he is entitled to (1) statutory damages, (2) the return of his property, and (3) injunctive relief from future tax assessments, seizures and sales. The Plaintiff further requests unlimited additional damages for the emotional distress, embarrassment, humiliation and loss of dwelling he claims were caused by the Defendant. Finally, he asks the Court to vacate the property's sale as ordered by the Chester County Court of Common Pleas, Case No. 05-08059, and to order Defendant to compensate him for the costs of bringing this action and for attempting to defraud him.

In her Motion to Dismiss, the Defendant responds that the seizure and sale of the Plaintiff's property and his subsequent eviction were the direct result of his failure to pay real estate taxes on the property. The Defendant has attached copies of the court dockets from both the judicial sale, Case No. 05-01354, and ejectment actions, Case No. 05-08059, as well as a copy of the deed of sale of the property, which was recorded on July 22, 2005. Because the attached documents are public records, the Court will consider them in deciding Defendant's Motion to Dismiss. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that, in deciding a motion to dismiss, courts may consider the

allegations contained in the complaint, exhibits attached to the complaint and matters of public record, including government agency records).

On February 15, 2005, the Chester County Tax Claim Bureau petitioned the Chester County Court of Common Pleas to sell Plaintiff's property at a judicial sale in order to satisfy the Plaintiff's outstanding tax obligations. The state court granted that petition and, on May 23, 2005, Plaintiff's home and property were sold to Hoffy Unlimited, LLC ("Hoffy"). The court docket reflects that the Plaintiff received notice of the judicial sale, and he answered the petition for that sale on March 21, 2005. The docket also shows that he received notice of the Petition for Distribution of the money remaining after the sale and filed what he titled a "Response to Order to Show Cause in the Nature of Judicial Notice of Fraud and Non-Consent" on October 17, 2005. Plaintiff did not appeal the judicial sale matter.

Hoffy subsequently brought an ejectment action against Plaintiff in the common pleas court. On April 10, 2006, default judgment was entered in Hoffy's favor, and in late May of the same year, a Writ of Possession was filed with the state court and served upon the Plaintiff. The Defendant, acting in her role as the Sheriff of Chester County, evicted the Plaintiff on June 6, 2006 pursuant to the Writ of Possession. It does not appear that the Plaintiff appealed the ejectment action to the Pennsylvania Superior Court.

Currently before this Court is Defendant's Motion to Dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Alternatively, Defendant requests that the Court order the Plaintiff to amend his Complaint pursuant to Rule 12(e) in order to more clearly articulate the facts he is alleging, the legal basis for his recovery

and the relief requested.

### III.  Legal Standard

The standards governing dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) are analytically distinct. See Johnsrud v. Carter, 620 F.2d 29, 32-33 (3d Cir. 1980). In the case of the former, the individual seeking to invoke the right to bring a claim in federal court has the burden of demonstrating subject matter jurisdiction. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). While the legal insufficiency of a claim may serve as the basis for a district court to grant a Rule 12(b)(1) motion, such a dismissal is only proper when the plaintiff's claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." Id. at 1408-09 (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).

With respect to a dismissal for failure to state a claim pursuant to Rule 12(b)(6), the burden is on the party moving for a dismissal. Thus, the court must accept as true all well-pleaded allegations in the complaint, and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A 12(b)(6) motion will only be granted when it is certain, under any set of facts that could be proved by the plaintiff, that no relief could be granted. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

### IV.  Discussion

#### A.  Rooker Feldman

The Defendant argues that this Court should dismiss this case pursuant to Rule 12(b)(1) because the Plaintiff has failed to plead any facts that would establish subject matter jurisdiction.

The Plaintiff responds that this Court has jurisdiction because he has raised a federal question. He argues that this case involves "a taking of his property by force under color of law without just compensation" in violation of the United States Constitution. He continues, the "property was exacted then allegedly sold for a pittance of its value and sold for a paper medium of exchange that was not money and which violates Article one, Section ten of the Constitution of the United States." (Pl.'s Br. 1-2.)

Without reaching the issue of whether Plaintiff's claims are so wholly insubstantial as to warrant a finding that this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331, it is clear that this Court lacks subject matter jurisdiction over this action under the Rooker Feldman doctrine. Although the Plaintiff names the Defendant in his Complaint as the individual who seized and sold his property and then disbursed the resulting funds, he makes no specific factual allegations about how she carried out these actions or how these actions were a violation of his rights. He simply asserts that the Defendant performed these actions "under the guise that the County of Chester . . . ha[d] a contractual, propriety or monetary interest in the property." The actions which form the crux of Plaintiff's complaint, the sale of his property, the disbursement of the funds from that sale, and his subsequent eviction, resulted directly from the orders and judgment of the Chester County Court of Common Pleas in two separate actions. The Defendant was not a party to either of these actions, and her only role in these proceedings was to serve the Plaintiff with a Writ of Possession and to effectuate his eviction. As a result, this case fits squarely within the ambit of the Rooker-Feldman doctrine precluding a district court from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

If a state court acted within its jurisdiction in making a decision that is later challenged, the judgment is not void but "merely left [] open to reversal or modification in an appropriate and timely appellate proceeding." See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). If a constitutional question arose in the initial proceeding, it was the province and duty of the state court to decide it. Id. Federal courts possess original, not appellate jurisdiction, and it is outside this Court's powers to reverse or modify a state court's judgment. Exxon-Mobil Corp., 544 U.S. at 284; see also Rooker, 263 U.S. at 416. If the period for appeal to correct any errors in the state court judgment has expired, then the "aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly" by filing suit in federal court. See Rooker, 263 U.S. at 416.

In Rooker, the plaintiff filed suit in federal district court to have an adverse judgment by a state court declared null and void. Id. at 414. The plaintiff alleged the judgment was rendered in contravention to the Constitution, specifically the contract clause, the Due Process Clause and the Equal Protection Clause. Id. The Supreme Court held that, since there was state court jurisdiction, a full hearing and a judgment responsive to the issues, modification or reversal would only be appropriate in a state court appellate proceeding. Thus, the federal district court lacked jurisdiction to declare the state court judgment null and void. Id. at 416.

As a result of the Plaintiff's failure to pay real estate taxes, a petition for a judicial sale was filed with the Chester County Court of Common Pleas, and the property was subsequently sold. The new owner of the property initiated an ejectment action and sought a Writ of Possession. The Plaintiff alleges that his due process and property rights were violated as a result

of these judgments. Similar to the situation in Rooker, the Plaintiff is requesting this court to render the state court judgments null and void. Id. at 416; see also Compl. ¶¶ 11-13. This Court is precluded from exercising subject matter jurisdiction in an action it may otherwise be empowered to adjudicate under a congressional grant of authority because it does not have the authority to review a state court's judgment. See Exxon-Mobil, 544 U.S. at 291.

Furthermore, although the Rooker Feldman doctrine provides that a federal district court may have jurisdiction over an independent claim brought by a plaintiff even if that claim would deny a state court's legal conclusion, see Exxon-Mobil, 544 U.S. at 293, the Plaintiff has raised no such claim here. See GASH Assocs. v. Village of Rosemont, 995 F.2d 726, 728-29 (7th Cir. 1993). In GASH, the plaintiff brought a § 1983 action against the village that had purchased his property at a foreclosure sale, alleging that the village had intentionally depressed the price of plaintiff's property in violation of his constitutional rights by initiating a condemnation proceeding against the property. Since the plaintiff's claimed injuries for the allegedly unconstitutional procedures stemmed from a state court judgment, the court held that the plaintiff had asserted no independent claim. Id. As in GASH, the Plaintiff's claimed injuries here, the loss of his property and the emotional distress and embarrassment that loss has caused him, arise directly from two state court judgments.

Accordingly, this Court holds that it lacks subject matter jurisdiction over Plaintiff's claims because they are barred under the Rooker Feldman doctrine. The only appropriate forum for the Plaintiff's claims would be to appeal to a higher level state court, but it appears that Plaintiff has failed to raise a timely appeal. According to the Pennsylvania Rules of Appellate Procedure, a "notice of appeal shall be filed within 30 days after the entry of the order from which

the appeal is taken." Pa. R. App. P. 903. Since the Chester County Court of Common Pleas entered its final orders in the Judicial Sale in December of 2005 and in the ejectment action in June 2006, the thirty day period to file a notice of appeal has lapsed.

    **B.**    **Res Judicata**

The Defendant also argues that the Plaintiff's claims are barred by res judicata and any objections Plaintiff had to the sale of the home and his eviction should have been raised during the state court actions. Res judicata "is an affirmative defense and not a doctrine which would defeat the subject matter jurisdiction of this court." See Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997) (internal quotation omitted). A district court may grant a Rule 12(b)(6) motion on the basis of the affirmative defense of res judicata provided that this defense is apparent on the face of the complaint. Id. at 886.

Res judicata bars subsequent litigation of claims actually litigated, as well as claims that could have been litigated in a prior proceeding. See Marshall v. Park Plaza Ass'n, No. 98-2912, 1999 WL 689735, at *3 (E.D. Pa 1999) (citing Balent v. City of Wilkes-Barre, 699 A.2d 309, 313 (Pa. 1995)). In applying the principles of res judicata, this Court must give the same preclusive effect to the judgment of the common pleas court that the that the courts in Pennsylvania would give it. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 548 (3d Cir. 2006). Under Pennsylvania law, for the doctrine of res judicata to preclude one court from deciding a case because it has already been addressed by another court, the two actions must share four elements: (1) the thing sued for, (2) the cause of action, (3) persons and parties to the action, and (4) the quality or capacity of the persons suing or sued. See Duquesne Slag Prod. Co. v. Lench, 415 A.2d 53, 55 (Pa. 1980).

With respect to the first factor, the Plaintiff is seeking essentially the same relief in both actions. He believes the sale of his home and eviction were undertaken without legal authority, and he wishes to void those actions or to receive damages to compensate him for the injuries he claims he sustained as a result of those actions. With respect to the second factor, even though the Plaintiff is raising constitutional claims in this case that it is not clear that he also raised in state court, the mere advancement of a different legal theory is insufficient to give rise to a different cause of action. See Turner, 449 F.3d at 549. The essential inquiry when determining whether the causes of action are identical instead turns on "the essential similarity of the underlying events giving rise to various legal claims." Id. (internal quotation omitted). In performing this analysis, a court should examine the acts giving rise to the complaint, the demand for recovery and the identity of witnesses, documents and facts alleged. See Marshall, 1999 WL 689735 at *3. Here, the underlying events giving rise to Plaintiff's claims are the same. The issue of whether the state court had the authority to order the sale of Plaintiff's property and his eviction is at the heart of both the state and federal actions.

Nonetheless, the lack of identity between the parties precludes the Court from dismissing Plaintiff's claims on the grounds of res judicata. The Defendant here, Carolyn B. Welch, was not a party in the judicial sale or ejectment proceedings. Further, the Plaintiff in the present claim was the defendant in the judicial sale and ejectment proceedings.

The application of a res judicata analysis to Plaintiff's claims is strained and supports this Court's conclusion that Rooker Feldman, and not res judicata, is the appropriate doctrine to be applied to this action. Plaintiff claims that the sale of his home and eviction, the subjects of the state court actions, were entered in error. He does not make any additional factual allegations or

legal arguments about why this Court should grant him relief. Instead of arguing the underlying factual issues in both these actions, his alleged failure to pay taxes, he simply asserts that Chester County has no authority to undertake these actions. Therefore, the Court rests its decision on the grounds of the Rooker Feldman doctrine and not res judicata.

  C.  **Failure to State a Claim Upon Which Relief Can be Granted**

  Finally, even if this Court were to conclude that it had subject matter jurisdiction over the Plaintiff's claims, the Plaintiff has failed to state a claim upon which relief can be granted, and his Complaint should be dismissed pursuant to Rule 12(b)(6). Although Plaintiff alleges his property and due process rights were violated by the Defendant's actions, he makes no factual assertions to support this statement. Plaintiff does not allege that the Defendant, in evicting the Plaintiff from the property that had been sold in a judicial tax sale, was doing anything other than carrying out her duties as Sheriff of Chester County. The Plaintiff's conclusory allegations that Chester County lacked a monetary, proprietary or contractual interest in the property are insufficient to support his cause of action.

  The federal statutes Plaintiff cites, 42 U.S.C. § 1982 and 42 U.S.C. § 1441, do not support his claim that his property is exempt from sale and seizure if he fails to pay his taxes. Congress passed § 1982 in order to prohibit racial discrimination in transactions relating to real and personal property. See Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001). In order to bring an action under § 1982, a plaintiff "must allege with specificity facts sufficient to show or raise a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of race." Id. (internal quotation omitted). Plaintiff has made no such allegations. Section 1441, known as the

Housing Act of 1949, is "simply a statement of broad Congressional policy, not intended to provide a remedy." West Zion Highlands v. City of Zion, 549 F.Supp. 673, 676 (N.D. Ill. 1982). Simply because one of the purposes behind the Act is "to provide 'a decent home and a suitable living environment for every American family,'" see Thorpe v. Housing Authority of City of Durham, 393 U.S. 268, 281 (1969), this statute does not exempt Plaintiff from the consequences of his failure to pay taxes.

## V.     Conclusion

In conclusion, this Court does not have subject matter jurisdiction over this action because it requires reversing or modifying a state court decision in contravention of the Rooker Feldman doctrine. Moreover, even if the Court were to find that it had jurisdiction over this cause of action, Plaintiff has failed to state a claim upon which relief can be granted. For these reasons, Defendant's Motion to Dismiss will be granted and Plaintiff's Complaint will be dismissed with prejudice.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN WILBURN CARROLL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN B. WELCH | : | NO. 06-4502 |

### ORDER

AND NOW, this 8th day of May, 2007, upon consideration of the pleadings and briefs and based on the foregoing Memorandum, it is hereby ORDERED:

1. Defendant Welch's Motion to Dismiss Plaintiff's Complaint (Doc. No. 8) is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

2. All outstanding motions in this case are DENIED AS MOOT.

3. The Clerk shall close this case.

BY THE COURT:

/s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

A:\Carroll v. Welsh MTD Memo & Order 5.8.07.wpd